FIRST NATIONAL BANK OF MASON v. R. B. LEDBETTER ET AL.

Delivered December 22, 1897.

**Usury—Interest Note.**

   A note given for interest on another note tainted with usury, and as part of a transaction by which still other notes tainted with usury were given, is itself usurious.

APPEAL from Mason.   Tried below before Hon. W. M. ALLISON.

*M. Fulton,* for appellant.—1.   There was no pleading or proof of payment of any part of the note, and no pleading or proof of failure of consideration to any part of it, and it was sued on as part of a cattle contract and was so proved to be; and there was no usury pleaded or proven in said cattle contract.  Sedg. Stat. Con., 2 ed., 184, secs. 191, 192; Suth. Stat. Con., secs. 410, 238; Lesley v. Johnson, 41 Barb., 359; Woodruff v. Hudson, 32 Barb., 557; Marsh v. Howe, 36 Barb., 649; Pomeroy v. Ainsworth, 22 Barb., 118; Tyson v. Rickard, 3 Har. & J., 109; Dowall v. Lenox, 3 Edwards N. Y. Ch., 267; Beals v. Benjamin, 33 N. Y., 61; Smith v. Stodard, 10 Mich., 148; Bank v. Cook, 46 Am. St. Rep., 178, note; Keckley v. Bank, 79 Va., 464.

2.   If the note for $944.78 was part of the cattle contract, then there could be no usury in the note, although covering all interest on the $6000 note.   Greme v. Adams, 23 Gratt., 225; 14 Am. Rep., 130.

*Stapleton & Anderson,* for appellee.—It matters not how the transaction is cloaked, if the intention or effect was to receive a greater rate of interest than the law allows, the contract is usurious, and no artful forms or arrangements or pretentions, however gotten up, can relieve the transaction of the usurious taint.   Neal v. Rouse, 19 S. W. Rep., 171; 16 Texas, 203; 18 Texas, 794.

JAMES, CHIEF JUSTICE.—This case has been before this court twice. 31 S. W. Rep., 840.   Defendants on this trial, appellees, pleaded to the $944.78 note sued on, usury and want of consideration.   The evidence was in reference to usury.   Appellees admitted that a certain sum was due on the note and tendered the same, but claimed that the balance of the note was void for usury.   The court so determined, and rendered

judgment in favor of appellant for the sum admitted. From the version of the transaction given by defendants, which the court must have accepted, the judgment is correct.

According to this phase of the evidence the note, except the amount excluded by the tender, was for interest on a $6000 note tainted with usury. It appears that on May 5, 1893, Carroll & King, makers of the $6000 note, went to appellant's cashier, Reynolds, and an arrangement was then made, by which the bank agreed to furnish them $10,000 with which to buy cattle, they to take the transfers of the cattle in Reynolds' name and to hold and market them at their expense, to draw checks on the bank with bills of sale attached, the money derived from sales to be paid in to Reynolds, who was to apply same, first, to pay the two $5000 notes given for the $10,000, next to pay off the said $6000 note, next to pay off the note sued on, and the balance to them. The object of this transaction, it seems, was to aid or enable Carroll & King to pay off the $6000 note. It also appears that in this transaction the $944.78 note, the one sued on, was insisted on and given, and unless it had been given, the bank would not have made the transaction. The $6000 note was extended for a year. The two $5000 notes were drawn for one year, and Carroll & King were to get $8800 on them, making the sum agreed to be retained as interest for the year $1200, which itself was usurious.

As we understand appellant's position, it is that the note sued on was a part and parcel of the cattle transaction, and constituted a consideration, or the real consideration, for the note, and no usury was pleaded or proven in reference to this transaction.

The real nature of the transaction of May 5, 1893, was an advance or loan of money by the bank to Carroll & King, to enable or aid them by the use of same in paying their indebtedness to the bank. The remainder of the agreement related to the means of paying off said notes, together with the $6000 note, and was merely in the nature of security to the bank for the discharge of these sums. Under these circumstances it could not be said that by this transaction the $6000 note was purged of usury, and certainly, if it remained usurious, a note given for interest growing out of it would be usurious. The note in suit, if given as a consideration for the new transaction, would have been usurious, as the bank had taken usurious notes for the sum it then loaned, and this note would simply have been an increase of the unlawful interest. If viewed as we think it probably was viewed by the District Court, and as we think the evidence warrants, as taken for interest on the $6000 note, it was usurious.

There is nothing in the proposition that the plea of usury came too late.

*Affirmed.*

Writ of error denied.